# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MATTHEW J. KING,                     )
                                     )
                Plaintiff,         )   Case No.: 2:13-cv-02080-GMN-PAL
  vs.                                )
                                     )   **ORDER**
JAMES G. COX, JENNIFER NASH,         )
QUENTIN BYRNE, CCSIII LEAVITT,       )
CCSIII GRAHAM, CCSIII WUEST,         )
ROLAND DANIELS, CCS SMITH, AMY       )
CALDERWOOD, et al.,                  )
                                     )
                Defendants.        )
                                     )

      Pending before the Court is a Motion for Summary Judgment (ECF No. 29) filed by Defendants James G. Cox and Quentin Byrne ("NDOC Defendants"); and Jennifer Nash, CCSIII Leavitt, CCSIII Graham, CCSIII Wuest, Roland Daniels, CCS Smith, and Amy Calderwood ("HDSP Defendants") (collectively, "Defendants"). Plaintiff Matthew J. King ("Plaintiff") filed a Response (ECF No. 34). For the reasons discussed below, Defendants' The Motion is **GRANTED in part** and **DENIED in part**.

**I.     BACKGROUND**

      This case arises out of alleged Eighth Amendment violations resulting from a prison denying a prisoner's enrollment in mandatory substance abuse treatment. (Compl. at 4, ECF No. 7). Plaintiff Matthew J. King ("Plaintiff") is an inmate incarcerated in the Nevada Department of Corrections ("NDOC"). (*See id.* at 1). Plaintiff was originally housed in High Desert State Prison ("HDSP") and is currently at Southern Desert Correctional Center ("SDCC"). (Defs.' Mot. for Summ. J. at 2:15–18, ECF No. 29).

      Plaintiff contracted the Hepatitis-C virus and sought treatment within the prison. (Compl.

at 4). A prison doctor informed Plaintiff that the mandatory substance abuse treatment program was required before receiving medical treatment for Hepatitis-C. (*Id.*). NDOC offers two substance abuse treatment programs that Plaintiff could potentially enroll in: the TRUST program at SDCC or the Phoenix program at Warm Springs Correctional Center. (*Id.* at 5). Inmates qualify for TRUST by being disciplinary free for at least ninety days, housed in general population at a medium security facility, and at least eighteen months away from potential release so that the inmate may be able to undergo twelve months of treatment. (Defs.' Mot. for Summ. J. at 2:20–25). Moreover, inmates must be classified at a Level I or Level II to utilize these programs. (*Id.*).

Plaintiff requested to be placed in the TRUST program in May 2013. (*Id.* at 2:19). At the time of the request, Plaintiff was held in Administrative Segregation due to reprimand from making "pruno," or prison-made alcohol. (*Id.* at 2:27–3:1). Plaintiff's status in Administrative Segregation reclassified him as Level III, outside the scope of consideration for the TRUST program. (*Id.* at 3:2). Furthermore, Plaintiff was eligible for parole in July 2013, making him less than eighteen months away from a potential release date. (*Id.* at 3:3–4). Due to these factors, Plaintiff was denied entrance into a substance abuse treatment program and was told to reapply when he was reclassified at Level I or Level II. (*Id.* at 3:4–6).

Plaintiff was denied parole and was later reclassified to a Level II. (*Id.* at 3:7–8). Further, Plaintiff was referred to the TRUST program due to being disciplinary free for ninety days, his Level II status, and more than eighteen months away from his potential release date. (*Id.* at 8–10). Plaintiff was then transferred to SDCC and enrolled in the program. (*Id.* at 11–13). Moreover, Plaintiff has been seen eight times during his incarceration by medical providers for his Hepatitis-C on: August 8, 2014; November 25, 2013; September 20, 2012; August 14, 2012; June 4, 2012; May 22, 2012; April 14, 2012; and December 1, 2011. (Resp. at 5, ECF No. 34).

Plaintiff filed his Complaint on September 24, 2013, against numerous employees at

HDSP and NDOC, alleging violations of "Plaintiff's 8th amend. right as a disabled American seeking rehabilitation by acting deliberately indifferent to pleas for meaningfull [sic] access to substance abuse treatment." (Compl. at 1, 11). Further, Plaintiff sued each Defendant in his or her official capacity. (*See id.* at 3–5). Defendants filed the instant Motion for Summary Judgment, stating that nearly all of Plaintiff's claims were mooted by his admission to the substance abuse treatment program and transfer to another facility. (Defs.' Mot. for Summ. J. at 5:18–19). Plaintiff's Response states that "[b]y denying access to substance abuse treatment this caused Plaintiff's Hepatitis-C to go an additional 2+ years untreated which has allowed the progressive effects to manifest." (Resp. at 11).

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, a federal court must first determine whether it has proper subject matter jurisdiction before considering the merits of a case. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 653-54 (9th Cir. 2002); *see also Ex Parte McCardle*, 74 U.S. 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

"A claim becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Haro v. Sebelius*, 747 F.3d 1099, 1110 (9th Cir. 2014) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). A case is mooted by a defendant's voluntary conduct when "subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *White v. Lee*, 227 F.3d 1214, 1243 (9th Cir. 2000) (citing *Friends of the Earth, Inc. v. Laidlaw Environmental Servs., Inc.,* 528 U.S. 167, 170 (2000)).

To properly challenge the mootness of a claim, a party must raise the issue in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). *Id.* at 1243. Mootness pertains to a federal court's subject matter jurisdiction, where "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *Id.* When a plaintiff alleges a factual Rule 12(b)(1) attack, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. It also need not presume the truthfulness of the plaintiffs' allegations." *Id.* (internal citations omitted). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

## III.   DISCUSSION

Defendants assert that Plaintiff's Eighth Amendment rights were not violated because Plaintiff's only available remedies are injunctive relief and the injunctions Plaintiff asks for have been granted, therefore mooting his claim. (*See* Defs.' Mot. for Summ. J. at 5:12–19). Because Defendants assert that Plaintiff's claims are moot, the Court construes the matter under a 12(b)(1) standard rather than summary judgment. *See White*, 227 F.3d at 1242. Furthermore, Plaintiff alleges that his Complaint "is predicated on the Americans with Disabilities Act and 8th Amend." and that "Plaintiff still has not seen this medical care personell [sic] to discuss treatment for Plaintiff's Hepatitis-C." (Resp. at 5). Specifically, "Plaintiff is in no way, shape or form receiving medical care for Hepatitis-C." (Resp. at 6).

Plaintiff sued each Defendant in his or her official capacity. (Compl. at 2–4). When a prisoner sues State officials in their official capacities, the officials are not "persons" within the meaning of § 1983, and suits against the officials are "no different than suits against the state itself," with the Eleventh Amendment barring such suits. *Doe v. Lawrence Livermore Nat.*

*Laboratory*, 131 F.3d 836, 839 (9th Cir. 1997). However, when officials are sued for prospective injunctive relief in their official capacity, then the State officials are each considered a "person" under § 1983. *Id.*

Here, Plaintiff seeks "immediate transfer to Warm Springs with direct placement in the 'Phoenix' substance abuse program to begin substance abuse treatment," and "upon completion/graduation of the 'Phoenix' program," Plaintiff requests complete medical treatment for the Hepatitis-C virus and a transfer to the facility of Plaintiff's choosing. (Compl. at 26–27). Further, Plaintiff requests that the NDOC Defendants refrain from "and or cease and desist with the use of any retalitory [sic] actions towards Plaintiff," and that his copy and mailing fees be reimbursed, attorney fees awarded, and punitive damages against all named defendants to be determined by jury. (*Id.* at 28). Yet, because Plaintiff is suing each Defendant in his or her official capacity, Plaintiff is barred from any monetary relief and is allowed only injunctive relief. *See Doe*, 131 F.3d at 839.

### 1. HDSP Defendants

Plaintiff asserts Eighth Amendment violations against all Defendants. (Compl. at 11–22). However, when an inmate is transferred from one prison to another while his claims are pending, the transfer "will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action." *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995). Further, an inmate's claim becomes moot because he "no longer is subjected to [the allegedly unconstitutional] policies." *Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013). However, the case is not moot when the plaintiff still has a "legally cognizable interest for which the courts can grant a remedy." *Barnes-Wallace v. City of San Diego*, 704 F.3d 1067, 1075 (9th Cir. 2012).

Here, Plaintiff has since completed the TRUST substance abuse treatment program located at SDCC. (Resp. at 9). Because Plaintiff is currently housed at SDCC and finished the

TRUST program, his claims against HDSP Defendants are moot. *See Dilley*, 64 F.3d at 1368. Accordingly, the Court grants the motion as to the claims asserted against HDSP Defendants.

### 2. NDOC Defendants

However, while presently housed at SDCC, Plaintiff asserts his medical visits have not consistently occurred after his completion of the substance abuse treatment program, with the majority of his visits dating to before he was even enrolled in TRUST. (*See* Resp. at 5). Inherent in the Eighth Amendment are protections compatible with "the evolving standards of decency that mark the progress of a maturing society," including "the government's obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).

Here, although Plaintiff cannot assert these claims against his previous prison of HDSP, his request for complete medical treatment alleged against the NDOC Defendants is cognizable. Furthermore, although Defendants provide extensive exhibits, the records contained within the exhibit related to Plaintiff's purported medical visits are illegible, making it difficult for the Court to determine whether Plaintiff is receiving his necessary treatment for Hepatitis-C. (Ex. G to Defs.' Mot. for Summ. J.). Therefore, because NDOC Defendants present insufficient evidence to support its mootness argument, the Court denies the Motion as to the NDOC Defendants.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment (ECF No. 29) filed by Defendants is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 29) filed by Defendants Jennifer Nash, CCSIII Leavitt, CCSIII Graham, CCSIII Wuest, Roland Daniels, CCS Smith, and Amy Calderwood ("HDSP Defendants") is hereby **GRANTED**. Accordingly, Plaintiff's claims against HDSP Defendants are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 29) filed by Defendants James G. Cox and Quentin Byrne ("NDOC Defendants") is **DENIED**, and Plaintiff's claims against the NDOC Defendants are **not dismissed**.

The Clerk of Court shall enter judgment in favor of Defendants Jennifer Nash, CCSIII Leavitt, CCSIII Graham, CCSIII Wuest, Roland Daniels, CCS Smith, and Amy Calderwood ("HDSP Defendants").

**DATED** this 29th day of April, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge