UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MATTHEW J. KING,<br><br>   Plaintiff,<br><br>v.<br><br>AMY CALDERWOOD, et al.,<br><br>   Defendants. | Case No. 2:13-cv-02080-GMN-PAL<br><br>**ORDER**<br><br>(Mtn Appointment of Counsel – Dkt. #46)<br>(Mtn Reconsider – Dkt. #47)<br>(Mtn Set Briefing Schedule – Dkt. #49)<br>(Mtn to Withdraw Mtn – Dkt. #50) |

This matter is before the Court on a series of motions filed by Plaintiff Matthew J. King, a prisoner proceeding in this civil rights action *pro se*. These matters were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and LR 1-3 and 1-9.

This case arises from Plaintiff's allegations, pursuant to 28 U.S.C. § 1983, that Defendants violated his Eighth Amendment rights. On April 28, 2015, the district judge entered an Order (Dkt. #58) granting in part and denying in part Defendants' motion for summary judgment. As a result, only King's claims against Defendants James G. Cox, Quentin Byrne remain.

I. **PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DKT. #46)**

The Court has considered Plaintiff's Motion for Appointment of Counsel (Dkt. #46), Defendants' Response (Dkt. #50), and Plaintiff's Reply (Dkt. #55). In this Motion, Plaintiff asks the Court to appoint counsel for him because he cannot afford to hire an attorney. As an indigent prisoner, he contends that he has "no ability to investigate the facts." He further represents that his lack of legal training places him at a disadvantage because a jury trial will require greater legal skill. Plaintiff asserts this case will require expert medical testimony, which he is unable to retain from the prison. Plaintiff also contends that, on its face, this case is meritorious.

1

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982). Pursuant to 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent" litigants proceeding in forma pauperis. *Id*. The statute does not require the court to appoint counsel to represent such litigants, but only to request such representation on a pro bono basis. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304–05 (1989); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 798–804 (9th Cir. 1986).

The appointment of counsel is limited to cases presenting exceptional circumstances. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam). In deciding whether to appoint counsel, the court should consider: (1) the likelihood of the success of the party's claims on the merits, and (2) the ability of the party to articulate claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (finding that neither factor is controlling); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, Plaintiff has not established that exceptional circumstances exist to justify the appointment of counsel. Despite his lack of legal training, he has demonstrated sufficient ability to write and articulate his claims. For example, Plaintiff pled valid claims for relief without amendment, he successfully opposed Defendants' motion for summary judgment, and he filed numerous motions. Additionally, the facts alleged and legal issues raised in this case are not especially complex. The Court appreciates that it is difficult for *pro se* parties to litigate their claims and that almost every *pro se* party would benefit from representation by counsel. However, the Court cannot require counsel to accept representation on a *pro bono* basis, and the number of attorneys available to accept appointment is very limited. Accordingly, Plaintiff's motion is denied.

II.     **PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. #47)**

The Court has considered Plaintiff's Motion for Reconsideration of Plaintiff's Request to Extend Legal Copy Work Limit (Dkt. #47), Defendants' Response (Dkt. #52), and Plaintiff's Reply (Dkt. #56). In this Motion, Plaintiff asks the Court to reconsider its previous Order (Dkt.

#40), which denied his vague request to extend the prison's $100.00 copy work limit to $1,000.00. However, the Order indicated that Plaintiff could renew the motion and provide the Court with additional information relevant to his request. This Motion asserts that Plaintiff needs a copy work extension for the following: (a) pleadings he may file pursuant to Rules 13, 14, 19, and 20 of the Federal Rules of Civil Procedure; (b) Plaintiff's motion for summary judgment; (c) Plaintiff's interrogatories, admissions, and discovery motions; (d) a joint pretrial order; and (e) any responsive pleadings and briefing necessary to litigate this action. Motion (Dkt. #47) at 3. Plaintiff represents that the extension would be solely for his use in the above captioned case. Further, Plaintiff has now attached an inmate account statement to his motion showing that, as of January 31, 2015, he had incurred nearly $70.00 of his $100.00 copy limit.[1] Plaintiff does not ask the Court for unlimited free copies; rather, he asks to increase the copy work limit by any amount the Court deems appropriate.

Generally, an inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991); *see also Lewis v. Casey*, 518 U.S. 343, 384–85 (1996) (the constitutional right of access to the courts does not impose an "obligation on the States to finance and support prisoner litigation"). The statute providing authority to proceed *in forma pauperis*, 28 U.S.C. § 1915, does not include the right to obtain court documents without payment. *Id.* Additionally, this Court's local rules provides that permission to proceed "*in forma pauperis* does not waive the applicant's responsibility to pay expenses of litigation which are not covered by 28 U.S.C. § 1915." LSR 1-8.

Here, Plaintiff has shown good cause to extend the copy work limit by a modest amount in order to continue litigating his case. Plaintiff followed the Court's instruction and stated specific reasons he needs an extension. He also provided an inmate balance sheet to demonstrate that he will soon exceed the prison's copy work limit. Plaintiff does not ask for a blank check; rather his motion indicates that he knows he is required to pay back any debt he accumulates. His request appears intended to ensure his compliance with civil procedure rules. *Cf. Gluth v.*

---

[1] The Court recognizes that, since the Motion was filed, Plaintiff has filed numerous additional motions that may have expended the roughly $30.00 remaining limit for copy work.

3

*Kangas*, 951 F.2d 1504, 1510 (9th Cir. 1991) (affirming district court's order giving a prisoner access to copies required to file, serve opponents, and maintain a copy of the inmate's records as reasonable). The Court finds Plaintiff's request is reasonable based on the circumstances presented and the procedural posture of this case, in particular, because Plaintiff's claims have survived summary judgment. The Court will therefore grant Plaintiff a twenty-five dollar ($25.00) extension of the copy work limit.[2]

### III. PLAINTIFF'S MOTION FOR COURT TO SET BRIEFING SCHEDULE (DKT. #49) AND MOTION TO WITHDRAW (DKT. #50) THE SAME

Plaintiff filed a Motion for the Court to Set a Briefing Schedule and Proceed to Trial (Dkt. #49), to which Defendants filed a Response (Dkt. #53) and Plaintiff filed a Reply (Dkt. #57). However, Plaintiff later filed a Motion to Withdraw (Dkt. #57) this request. As such, the Court will grant his request to withdraw the motion.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Appointment of Counsel (Dkt. #46) is DENIED.
2. Plaintiff's Motion for Reconsideration of Plaintiff's Request to Extend Legal Copy Work Limit (Dkt. #47) is GRANTED. Plaintiff's copy work limit shall be increased $25.00 to a total of $125.00.

/ / /
/ / /
/ / /
/ / /
/ / /

---

[2] Defendants may also consider consenting to service via the court's electronic filing system such that Plaintiff may proceed in this action without having to serve Defendants with copies of his filings via U.S. postal service. The waiver of service would only apply to this action and would not be applicable / transferable to any other action Plaintiff is currently litigating or any future action Plaintiff commences. A waiver for this narrow purpose is not intended to enable Plaintiff to file frivolous, duplicative, or large pleadings, but is intended to minimize the cost of litigation and successive motions to increase the copy work limit. *See* Fed. R. Civ. P. 1 (stating that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

3. Plaintiff's Motion to Withdraw (Dkt. #57) is GRANTED. Thus, Plaintiff's Motion for the Court to Set a Briefing Schedule (Dkt. #49) is deemed WITHDRAWN.

Dated this 20th day of May, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

5