UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATTHEW J. KING,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>AMY CALDERWOOD, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 2:13-cv-02080-GMN-PAL<br><br>**ORDER**<br><br>(Mtn to Extend Discovery – Dkt. #48)<br>(Mtn for Discovery – Dkt. #60)<br>(Interrogatories – Dkt. #61)<br>(Requests for Admission – Dkt. #62)<br>(Mtns to Strike – Dkt. ##69, 70, 71) |

This matter is before the court on Plaintiff Matthew J. King's Motion to Extend Discovery (Dkt. #48) and Defendants' Motions to Strike (Dkt. #69, 70, 71) Plaintiff's Motions for Discovery (Dkt. #60), Interrogatories (Dkt. #61), Requests for Admission (Dkt. #62). Plaintiff is a prisoner proceeding in this civil rights action *pro se* and *in forma pauperis*. These matters were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and LR 1-3 and 1-9. The Court has considered the Motions and related briefing.

**I.　PLAINTIFF'S MOTION TO EXTEND DISCOVERY (DKT. #48)**

Plaintiff's Motion requests an extension of the discovery deadline. A court may modify a discovery plan and scheduling order before the expiration of the deadlines therein and before the final pretrial order is entered upon a showing of "good cause." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). The good cause standard "primarily considers the diligence of the party seeking the amendment." *Id*.

On February 4, 2015, the Court entered a Scheduling Order (Dkt. #42) that set May 6, 2015, as the deadline for discovery to be completed. Plaintiff timely filed a request to extend the discovery deadline to allow the parties to complete outstanding discovery. Defendants have filed a Notice of Non-Opposition (Dkt. #51) indicating there is no objection to Plaintiff's request. As

1  such, the Court finds good cause to extend the deadlines stated in the Scheduling Order by forty-
2  five (45) days: (a) Discovery in this action shall be completed on or before July 6, 2015; (b)
3  Motions for summary judgment shall be filed and served no later than August 5, 2015; and (c)
4  the Parties shall file a Joint Pretrial Order on or before September 4, 2015.

**II.     DEFENDANTS' MOTIONS TO STRIKE (DKT. #69, 70, 71)**

Defendants' Motions to Strike ask the Court to strike Plaintiff's discovery requests from the record because they were improperly filed with the Court. Plaintiff's Motion for Discovery (Dkt. #60) appears to request the production of documents by Defendants. Similarly, Plaintiff filed his Interrogatories (Dkt. #61) and Requests for Admission (Dkt. #62) on the Court's docket.

"It is well established that district courts have inherent power to control their docket." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010) (internal quotation omitted). This includes the power to strike items from the record that are procedurally improper. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45 (1991); *Metzger v. Hussman*, 682 F. Supp. 1109, 1111 (D. Nev. 1988) ("Applicable rules of procedure, including Local Rules, must be enforced. . . ."). The Court's Local Rule 26-8 states, "unless otherwise ordered by the Court, *written discovery*, including responses thereto, and deposition transcripts, *shall not be filed with the Court*." (emphasis added).

Rules 33, 34, and 36 of the Federal Rules of Civil Procedure set forth the requirements for obtaining discovery through interrogatories, requests for production of documents, and requests for admission in discovery. Rule 5 permits written discovery requests to a party who has already appeared to be served by simply mailing them to the other party, or its attorney, if the other party is represented by counsel. To the extent Plaintiff wishes to serve written discovery requests on Defendants, he need only mail such discovery requests directly to Defendants' counsel. Discovery requests should not be filed with the Court. *See* LR 26-8. Therefore, the Court will grant Defendants' Motions to Strike.

**IT IS ORDERED**:

1. Plaintiff's Motion to Extend Discovery (Dkt. #48) is **GRANTED**. The deadlines stated in the Scheduling Order (Dkt. #42) are extended by forty-five (45) days: (a)

1  Discovery in this action shall be completed on or before July 6, 2015; (b) Motions
2  for summary judgment shall be filed and served no later than August 5, 2015; and
3  (c) the Parties shall file a Joint Pretrial Order on or before September 4, 2015.  If
4  dispositive motions are pending the deadline for filing the joint pretrial order is
5  suspended until 30 days after a decision of the dispositive motion oruntil further
6  order of the court.

7  2.  Defendants' Motions to Strike (Dkt. ##69, 70, 71) are **GRANTED**.  The Clerk of
8  the Court shall STRIKE Plaintiff's Motion for Discovery (Dkt. #60),
9  Interrogatories (Dkt. #61) and Requests for Admission (Dkt. #62) from the record.
10 Dated this 21st day of May, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

3