ADAM PAUL LAXALT
Nevada Attorney General
CAROLINE BATEMAN
Deputy Attorney General
Nevada Bar No. 12281
Public Safety Division
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
Telephone: (702) 486-0621
Facsimile: (702) 486-3773
cbateman@ag.nv.gov

*Attorneys for Defendants*
*James G. Cox and*
*Quentin Byrne*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MATHEW J. KING, | CASE NO.: 2:13-cv-02080-GMN-PAL |
| Plaintiff, | |
| vs. | **STIPULATION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS (FIRST REQUEST)** |
| AMY CALDERWOOD, et al., | |
| Defendants. | |

Defendants James G. Cox and Quentin Byrne, by and through counsel, ADAM PAUL LAXALT, Attorney General of the State of Nevada, and CAROLINE BATEMAN, Deputy Attorney General, and MATHEW J. KING, Plaintiff *pro se* (together "the Parties") hereby stipulate and make a joint application for an extension of time for the filing of dispositive motions pursuant to Local Rule 6 and Local Rule 26-4.

DATED this 4th day of August, 2015

    ADAM PAUL LAXALT
    Nevada Attorney General

    By: /s/ Caroline Bateman
    CAROLINE BATEMAN
    Deputy Attorney General
    *Attorneys for Defendants*
    *James G. Cox and Quentin Byrne*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      PROCEDURAL HISTORY

Plaintiff commenced this suit with the filing of a Civil Rights Complaint on September 24, 2013 in the Eighth Judicial District Court of Nevada.  On November 12, 2013, Defendants filed a Petition for Removal.  Dkt. #1.  Pursuant to screening, the Court determined that Plaintiff stated viable claims for deliberate indifference to serious medical need in violation of the Eighth Amendment.  Dkt. #6.

On June 5, 2014, the Court referred the case to the Inmate Early Mediation Conference ("EMC") program.  Dkt. #9.  On August 8, 2014, the parties engaged in an EMC.  Dkt. #12. On September 25, 2014, Defendants filed an Updated Report of the Office of the Attorney General informing the Court that the parties had not reached a settlement during the EMC. Dkt. #13.

On February 5, 2015, the Court issued its Scheduling Order.  Dkt. #42.  The Court's Scheduling Order set the deadline for motions for summary judgment for June 5, 2015.  Dkt. #42 at 3.

On February 25, 2015, Plaintiff filed a Motion for Enlargement of Time to conduct discovery.  Dkt. #48.  On March 16, 2015, Defendants filed a non-opposition to Plaintiff's Motion for Enlargement of Time.  Dkt. #51.  On May 22, 2015, the Court granted Plaintiff's motion.  Dkt. #77.  The Court set the new deadline for motions for summary judgment for August 5, 2015.  Dkt. #77.

On May 11, 2015, Defendants Cox and Byrne filed their Answer to Plaintiff's Complaint. Dkt. #65.

The Parties now stipulate and make a joint application to extend the time to file dispositive motions.

### II.      LEGAL ANALYSIS

The Court has broad discretion in supervising the pretrial phase of litigation, which includes establishing discovery deadlines.  *See Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080,

1087 (9th Cir. 2002). LR 6-1 governs requests for extensions of time and it requires the following: "every motion or stipulation to extend time shall inform the Court of any previous extensions granted and state the reasons for the extension requested." LR 26-4, which governs extensions of scheduled deadlines, further requires that motions or stipulations to extend deadlines must be supported by a showing of "good cause" and requests to extend deadlines that are filed less than twenty-one (21) days before the expiration of said deadlines must be supported by a showing of excusable neglect.

### III.   REQUESTED EXTENSION AND GOOD CAUSE THEREFOR

**A.   Discovery Completed**

Plaintiff has submitted two sets of Interrogatories and Requests for Admissions as well as one set of Requests for Production of Documents. Defendants have responded to Plaintiff's discovery requests.

**B.   Discovery remaining to be Completed**

Discovery is currently closed. There is no discovery currently pending between the parties. However, Plaintiff has a pending motion to compel discovery before the Court. Dkt. #87.

**C.   Good Cause Explanation for the Request of an Extension**

The parties request an extension of time to file their dispositive motions based on recent medical tests performed on Plaintiff to monitor and evaluate his Hepatitis-C. The parties are awaiting a review of Plaintiff's recent test results by medical staff at the Nevada Department of Corrections to determine his possible qualification for a treatment program. Based on the results of those tests, Plaintiff may be admitted to the treatment program that he seeks through his Complaint, thus obviating the need for dispositive motions. The parties expect the review of Plaintiff's medical records to take place very shortly. Based on the recent medical tests performed on Plaintiff, and the pending review of Plaintiff's test results and medical records, the parties assert that good cause exists to extend the deadline to file dispositive motions. As such, the parties request an extension of thirty (30) days to file their

dispositive motions.

**D.     The Present Motion for Extension of Time was not Submitted within 21 Days before the Expiration of the Discovery Deadline due to Excusable Neglect.**

The parties were aware of the dispositive motion deadline in the present case. However, Plaintiff's recent medical testing took place within the last few weeks and the parties are awaiting an evaluation of the tests results to determine whether Plaintiff will qualify for a treatment program.  The parties assert that excusable neglect caused them to request an extension of time outside the 21-day requirement of LR 26-4.

### IV.     CONCLUSION

Based on the foregoing, the parties jointly request an extension of time to file their dispositive motions.

DATED this 4th day of August, 2015                    DATED this 4th day of August, 2015


By: /s/ Mathew J. King[1]                                          By: /s/ Caroline Bateman
MATHEW J. KING                                                  CAROLINE BATEMAN
*Plaintiff Pro Se*                                                        Deputy Attorney General
                                                                                 *Attorneys for Defendants*
                                                                                 *James G. Cox and Quentin Byrne*

### ORDER

IT IS SO ORDERED:

DATED:  August 6, 2015

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] On August 4, 2015, undersigned counsel for Defendants engaged in a telephonic conference with Plaintiff.  At that time, Plaintiff provided oral authorization for the use of his electronic signature.

Office of the Attorney General
555 East Washington Avenue, Suite 3900
Las Vegas, Nevada  89101-1068

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of August, 2015, I served the foregoing **STIPULATION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS (FIRST REQUEST)** by causing a true and correct copy thereof to be filed with the Clerk of the Court using the electronic filing system and by causing a true and correct copy thereof to be delivered to the Department of General Services, for mailing at Las Vegas, Nevada, addressed to the following:

Matthew King #72688
Southern Desert Correctional Center
PO Box 208
Indian Springs, NV 89071

/s/ Althea Zayas
Althea Zayas
An Employee of the
Office of the Attorney General

**Office of the Attorney General**
555 East Washington Avenue, Suite 3900
Las Vegas, Nevada 89101-1068