UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MATTHEW J. KING,                )
                                )
        Plaintiff,              )  Case No.: 2:13-cv-02080-GMN-PAL
  vs.                           )
                                )  **ORDER**
AMY CALDERWOOD, et al.,         )
                                )
        Defendants.             )
                                )

Pending before the Court is *pro se* Plaintiff Matthew J. King's ("Plaintiff") Motion to Reconsider (ECF No. 72). Defendants James G. Cox and Quentin Byrne (collectively, "Defendants" or "NDOC Defendants") filed a Response (ECF No. 83), and Plaintiff filed a Reply (ECF No. 86).

## I.   BACKGROUND

On April 29, 2015, the Court entered an Order (ECF No. 58) granting-in-part and denying-in-part Defendants' Motion for Summary Judgment (ECF No. 29) based on Plaintiff's transition to Southern Desert Correctional Center ("SDCC") and the prison's failure to provide Plaintiff his Hepatitis-C treatment. (*See* Order, ECF No. 58). Specifically, the Court dismissed as moot the claims against all High Desert State Prison ("HDSP") Defendants, and denied summary judgment against all Nevada Department of Corrections ("NDOC") Defendants. (*See id.* at 7). Plaintiff then filed the instant Motion to Reconsider on May 18, 2015, requesting reconsideration of the Court's Order. (ECF No. 72). NDOC Defendants filed a Response (ECF No. 83), and Plaintiff filed a Reply (ECF No. 86).

## II.   LEGAL STANDARD

"[A] motion for reconsideration should not be granted, absent highly unusual

circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  However, a motion for reconsideration is not a mechanism for rearguing issues presented in the original filings or "advancing theories of the case that could have been presented earlier." *Backlund v. Barhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994).  Thus, Rule 60(b) is not "intended to give an unhappy litigant one additional chance to sway the judge." *Durking v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

### III. DISCUSSION

Plaintiff requests that the Court reconsider its Order dismissing the case pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. (*See* Mot. to Reconsider at 1, ECF No. 72). Plaintiff contends that the Court "reconsider its position that Plaintiff is barred from any monetary relief as stated in this Courts [sic] order." (*Id.* at 2).  Specifically, Plaintiff alleges that he invoked jurisdiction pursuant to "Title II of the Americans with Disabilities Act 42 USC § 12101 et seq., [and] Section 504 of the Rehabilitation Act," and "at no point during this litigation has the Plaintiff relenquished [sic] the protections provided through the 'ADA' and 'RA.'"(Compl. at 4, ECF No. 1; Mot. to Reconsider at 3).

Here, Plaintiff's Complaint is facially unclear as to which claims he was originally alleging.  Plaintiff's enumerated allegations against each Defendant stated that Defendants "violated Plaintiff's 8th Amend. right as a disabled American seeking rehabilitation by acting deliberately indifferent to pleas for meaningful access to substance abuse treatment." (Compl. at 11, 12, 14−18, 20, 21).  Therefore, the Court previously construed Plaintiff's claims pursuant to the Eighth Amendment.  However, even if Plaintiff had clearly pled Americans with

Disabilities Act ("ADA") and Rehabilitation Act ("RA") claims, the outcome remains unchanged.

Because Title II of the ADA was expressly modeled after § 504 of the RA, the Court will address the claims together. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1135−36 (9th Cir. 2001). To successfully plead an ADA claim, a plaintiff must show: "(1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Duvall,* 260 F.3d at 1135 (citing *Weinreich v. Los Angeles County Metropolitan Transp. Auth.*, 114 F.3d 976, 978 (9th Cir.1997)).

However, the Ninth Circuit has consistently held that "the ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010); *see Marlor v. Madison County Idaho*, 50 Fed. App'x 872, 874 (9th Cir. 2002) ("[I]nadequate medical care does not provide a basis for an ADA claim unless medical services are withheld *by reason* of disability."). Courts hold that allowing prisoners to utilize the ADA and RA as causes of action for not receiving medical treatment is simply making "an end run around the Eighth Amendment." *Deeds v. Bannister*, 3:11-CV-00351-LRH, 2013 WL 1250343, at *5 (D. Nev. Jan. 8, 2013) (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)).

Specifically, "the ADA affords disabled inmates legal rights regarding access to programs and activities enjoyed by all−not a general federal cause of action for challenging the medical treatment of their underlying disabilities." *Id.* at *6. Furthermore, courts in the Ninth Circuit continue to hold that "treatment, or alleged lack of medical treatment for Plaintiff's [underlying medical condition] does not provide a basis upon which to impose liability under the ADA." *Id.*; *see Mahoney v. Hammond*, CV-10-109-CI, 2010 WL 2720759, at *2 (E.D.

Wash. June 15, 2010); *see also Copelton v. Correctional Corp. of Am.*, CV09-19-GF-SEH, 2009 WL 4063907, at *6 (D. Mont. Nov. 23, 2009); *Sartain v. Myers*, CV 05-5067 VAP(JC), 2008 WL 731046, at *9 (C.D. Cal. Mar. 13 2008); *Johnson v. Yates*, 1:06-CV-00535OWWDLBP, 2008 WL 544573, at *3 (E.D. Cal. Feb. 26, 2008).  Finally, "key elements of an ADA or RA claim cannot be reconciled with medical treatment decisions for the underlying disability." *O'Guinn v. Nevada Dept. of Corrections*, 468 Fed. App'x 651, 653 (9th Cir. 2012) (citing *Simmons*, 609 F.3d at 1022).

Here, Plaintiff claims that he was discriminatorily denied his Hepatitis-C treatment because Defendants' actions denied "Plaintiff the benifits [sic] of . . . any future medical treatment for the life threatening Hepatitis-C virus." (Compl. at 7).  Although the Court previously denied NDOC Defendants' Motion (ECF No. 29) against Plaintiff, Plaintiff's ADA and RA claims seeking monetary relief fail as a matter of law.

Plaintiff's ADA and RA allegations are unjustified because the claims are based on inadequate treatment rather than discrimination rooted in his disability. *See Simmons*, 609 F.3d at 1022.  Because Plaintiff is not alleging discrimination from "programs and activities enjoyed by all," but is instead challenging "the medical treatment of [his] underlying disability," his ADA and RA claims fail. *See Deeds*, 2013 WL 1250343, at *6.  Further, Plaintiff's ADA and RA assertions appear to be an attempt to make an "end run around the Eighth Amendment" for alternative damages. *See id.* at *5.  Thus, the Court finds neither clear error nor manifest injustice in the reasoning of its previous Order.  Accordingly, Plaintiff's Motion (ECF No. 72) is denied.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider (ECF No. 72) is **DENIED**.

DATED this 19th day of August, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court