UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MATTHEW J. KING, | Case No. 2:13-cv-02080-GMN-PAL |
|---|---|
| Plaintiff, | **ORDER** |
| v. | (Mot. Investigator – Dkt. # 79) |
| AMY CALDERWOOD, et al., | (Mot. Service Subpoenas – Dkt. #97) |
| Defendants. | |

This matter is before the court on Plaintiff Matthew J. King's Motion for Appointment of Independent Investigator and Associated Fees (Dkt. #79) and Motion for Service of Subpoenas Duces Tecum (Dkt. #97). This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR 1-3 and 1-9 of the Local Rules of Practice.

**I.   Background**

Mr. King is a prisoner proceeding in this civil rights action *pro se* and *in forma pauperis*. This case arises from Mr. King's allegations, pursuant to 28 U.S.C. § 1983, that Defendants violated his Eighth Amendment rights by denying him access to substance abuse treatment for over two years, which caused his Hepatitis-C to go untreated and has allowed the progressive effects of the disease to manifest. *See* Complaint (Dkt. #7).

On September 24, 2013, Mr. King filed his complaint in the Eighth Judicial District Court of Nevada. Defendants subsequently removed the case to this Court. *See* Petition for Removal (Dkt. #1). Upon screening Mr. King's Complaint, the Court determined that it stated viable claims for deliberate indifference to serious medical need in violation of the Eighth Amendment. *See* Screening Order (Dkt. #6). On February 5, 2015, the Court entered a Scheduling Order (Dkt. #42). Mr. King later filed a Motion for Enlargement of Time (Dkt. #48) to conduct discovery, which Defendants did not oppose. *See* Defs.' Response (Dkt. #51). The

1

1    Court granted Mr. King's motion and extended the deadlines stated in the Scheduling Order by
2    45 days. *See* Order (Dkt. #77). The parties did not file any other requests for extensions of time
3    to conduct discovery, therefore, discovery closed on July 6, 2015.

**II.    LEGAL ANALYSIS OF MR. KING'S MOTIONS**

  **A.    Motion for Appointment of Independent Investigator (Dkt. #79)**

In this motion, Mr. King asks the Court to assign him an independent investigator or, alternatively, to grant an $8,000 stipend that he will use to locate a private investigator who will conduct all necessary investigations. Motion (Dkt. #79) at 2–3. Mr. King argues that his current incarceration hinders his ability to properly contact witnesses and retrieve documents necessary to formulate a trial strategy. *Id*. Mr. King also reasons that an investigator is warranted because the Court denied Mr. King's prior motion requesting the appointment of counsel. *Id*.; *see also* Mot. for Appoint. of Counsel (Dkt. #46); Order (Dkt. #75). The Court has considered the Motion (Dkt. #79) and Defendants' Response (Dkt. #85). No reply brief was filed.

The motion provides no legal basis for the Court to appoint an investigator or grant an $8,000 stipend. The Supreme Court has held that an inmate's constitutional right of access to courts does not impose "an affirmative obligation on the states to finance and support prisoner litigation." *Lewis v. Casey*, 518 U.S. 343, 384 (1996). Likewise, nothing in the Federal Rules of Civil Procedure or Ninth Circuit cases authorize or require the courts to finance or subsidize fees and costs associated with prosecuting a civil action. *See*, *e.g.*, *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). When a party obtains authority to proceed *in forma pauperis* ("IFP"), the party is permitted to maintain an action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. However, granting IFP status "does not waive the applicant's responsibility to pay expenses of litigation which are not covered by 28 U.S.C. § 1915." LSR 1-8. Section 1915 authorizes only three types of expenses related to preparing the record on appeal and preparing transcripts,[1] it does not extend to discovery and

---

[1] After granting permission for a party to proceed *in forma pauperis*, the court may direct payment by the United States of three specific expenses: (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United

1  litigation related expenses such as a private investigator. Therefore, the Court denies this
2  motion.

### B.  Motion for Service of Subpoenas Duces Tecum (Dkt. #97)

In this motion, Mr. King asks the Court to direct the United States Marshal ("USM") to serve subpoenas on ten individuals who work for the Nevada Department of Corrections and are named throughout his grievances. Motion (Dkt. #97) at 2–3. The subpoenas request documents related to Mr. King's grievances with the prison. The motion states that Mr. King attempted to have the USM serve the subpoenas and informed them that the Court granted him IFP status but his request was denied because he did not obtain an order from the Court authorizing the USM to serve the subpoenas. *Id.* at 3–4. Thus, Mr. King now requests an order pursuant to 28 U.S.C. § 1915(d) directing the USM to serve his subpoenas. The Court has considered the Motion (Dkt. #97) (filed Sept. 9, 2015), Defendants' Response (Dkt. #100), and Mr. King's Reply (Dkt. #107).

Mr. King's motion lacks merit for two reasons. First, the Court will not direct service of subpoenas after the close of discovery. Subpoenas issued under Rule 45 of the Federal Rules of Civil Procedure are discovery tools and they must be utilized within the time period permitted for discovery in a case. *See, e.g.*, *Integra Lifesciences I, Ltd. V. Merck KGaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999). Since discovery in this case closed on July 6, 2015, and the parties did not request an extension to complete further discovery, service of subpoenas now would be improper.

Second, and more importantly, the Court finds that Mr. King's subpoenas seek documents that are duplicative of his discovery requests to Defendants. The court's authorization for service of a subpoena duces tecum requested by an *in forma pauperis* plaintiff is subject to limitations. Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. District court may consider the "cumulative impact" of duplicative requests for documents when deciding whether to limit discovery or quash a subpoena. *See*, *e.g.*, *Exxon*

---

States magistrate judge in any civil or criminal case, if such transcript is required by the district court; and (3) printing the record on appeal if such printing is required by the appellate court. 28 U.S.C. § 1915(c).

1  *Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 780 (9th Cir. 1994) (citation omitted). An
2  IFP plaintiff's motion for service of a subpoena duces tecum should be supported by clear
3  identification of the documents sought and a showing that the records are obtainable only
4  through the identified third party. *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 697
5  (D. Nev. 1994) ("The court may limit discovery where the documentation sought is unreasonably
6  cumulative or duplicative.").

7  Here, the motion asserts that Mr. King could not obtain the discovery seeks by subpoena
8  through the normal discovery process because the individuals named in the subpoenas are not
9  named defendants in this case. However, the grievances are records of the NDOC, not the
10 individual current or former employees of NDOC. Mr. King was allowed to obtain relevant
11 discovery materials by serving written discovery requests on Defendants and their counsel.
12 Defendants are senior officials with the Nevada Department of Corrections, which is the
13 custodian of Mr. King's grievance records and medical files. Furthermore, when the Court
14 compared Mr. King's subpoenas against his written discovery requests to Defendants, it is clear
15 that the subpoenas request the same documents. *Compare* Subpoenas (Dkt. #97-1) *with* King's
16 Request for Discovery (Dkt. #87) at 14–19. Therefore, the Court finds that Mr. King's subpoenas
17 are duplicative of other discovery requests. The motion is as untimely and duplicative[2]  For he
18 reasons stated,

19 / / /
20 / / /
21 / / /

---

[2] The Court also notes that § 1915 authorizes only three types of expenses related to preparing the record on appeal and preparing transcripts. The statute does not authorize the court to direct payment of other litigation fees, which include those related to subpoenas. *See Gorton*, 793 F. Supp. 2d at 1184 (discussing the limitations of § 1915(c) for litigation related expenses); LSR 1-8. Mr. King asserts that his request is supported by § 1915(d), which states that "officers of the court shall issue and serve all process, and perform all duties in such cases." Although the plain language of § 1915 provides for service of process for an indigent's witnesses, "it does not waive payment of fees or expenses for those witnesses." *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989) (finding that § 1915 does not permit a waiver of the witness fees to be tendered with the subpoena); *see also Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). Thus, even if discovery was still open and Mr. King showed that the documents sought by subpoena were not duplicative, Mr. King's IFP status would not include any subpoena fees.

1    **IT IS ORDERED** that Plaintiff Matthew J. King's Motion for Appointment of
2 Independent Investigator and Associated Fees (Dkt. #79) and Motion for Service of Subpoenas
3 Duces Tecum (Dkt. #97) are DENIED.
4    Dated this 19th day of November, 2015.

　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　PEGGY A. LEEN
　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE