UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATTHEW J. KING,<br><br>                              Plaintiff,<br>v.<br>AMY CALDERWOOD, et al.,<br><br>                              Defendants. | Case No. 2:13-cv-02080-GMN-PAL<br><br>**ORDER**<br><br>(Mot. Expert Witness – Dkt. #67) |

This matter is before the court on Plaintiff Matthew J. King's Motion for Court Appointed Expert Witness (Dkt. #67). This matters is referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and LR 1-3 and 1-9. The Court has considered the Motion (Dkt. #67), Defendants James G. Cox and Quentin Byrne's Response (Dkt. #78), and Mr. King's Reply (Dkt. #84).

**I.    BACKGROUND**

Mr. King is a prisoner proceeding in this civil rights action *pro se* and *in forma pauperis*. This case arises from Mr. King's allegations, pursuant to 28 U.S.C. § 1983, that Defendants violated his Eighth Amendment rights by denying him access to substance abuse treatment for over two years, which caused his Hepatitis-C to go untreated and has allowed the progressive effects of the disease to manifest. *See* Complaint (Dkt. #7).

On September 24, 2013, Mr. King filed his complaint in the Eighth Judicial District Court of Nevada. Defendants subsequently removed the case to this Court. *See* Pet. for Removal (Dkt. #1). Upon screening Mr. King's Complaint, the Court determined that it stated viable claims for deliberate indifference to serious medical need in violation of the Eighth Amendment. *See* Screening Order (Dkt. #6).

/ / /

1    Defendants James G. Cox, Roland Daniels, Duane Graham, Cary Leavitt, Jennifer Nash,
2 Chad Smith, and James Larry Wuest filed a Motion for Summary Judgment (Dkt. #29),
3 December 14, 2014. On April 28, 2015, Chief District Judge Gloria M. Navarro entered an
4 Order (Dkt. #58) granting in part and denying in part Defendants' motion. As a result, only Mr.
5 King's claims against Defendants Cox and Byrne remain. *See* Answer to Complaint (Dkt. #65).
6 However, on September 4, 2015, Defendants Cox and Byrne filed a second Motion for Summary
7 Judgment (Dkt. #94), which is currently pending before Chief District Judge Navarro.

**II.    MOTION FOR COURT APPOINTED EXPERT WITNESS (DKT. #67)**

This motion asks the Court to appoint an expert witness because Mr. King is indigent and the interpretation of his medical records is a complex and difficult task. Motion at 2 (citing *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996); *Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005)). Mr. King requests that the Court appoint a medical doctor who is versed and accredited in numerous fields of medicine, including virology and hematology. *Id.* at 3. Plaintiff asserts that the expert will be used to explain to the jury the multiple genome types of Hepatitis C, its long-term effects, the treatments available, the effects on the human body due to lack of medical care, and to interpret his medical file. *Id.*; *see also* Reply (Dkt. #84) at 4. Mr. King would also like the proposed expert witness to rebut any testimony provided by the state's expert. Motion at 3.

Mr. King cites Rules 614(a) and 706 of the Federal Rules of Evidence and the *in forma pauperis* statute, 28 U.S.C. § 1915, as authority for his request. The Court finds that neither Rule 614(a) nor § 1915 provide authority for Mr. King's request. First, Rule 614(a) provides that the court "may call a witness on its own or at a party's request. Each party is entitled to cross-examine the witness." This rule falls within Article VI of the Federal Rules of Evidence, which addresses fact witnesses, not experts. Article VII addresses opinions and expert testimony and includes Rule 706, which is specifically applicable to Mr. King's motion. Mr. King acknowledges as much in his Reply. (Dkt. #84) at 7. The expert Mr. King seeks cannot be classified as a basic fact witness; therefore, Rule 614(a) does not apply. Second, § 1915 does not authorize district courts to appoint and pay for an expert witness. *Gorton v. Todd*, 793 F. Supp.


2d 1171, 1184 n.11 (E.D. Cal. 2011) (noting that § 1915 does not authorize the court to appoint or direct payment for an indigent party's expert witness) (citing 28 U.S.C. § 1915(c) and collecting cases). The *in forma pauperis* statute authorizes only three types of expenses related to preparing the record on appeal and preparing transcripts.[1] *Id.* at 1184. The statute does not authorize the court to direct payment of expert witness fees. *Id*. Thus, Mr. King may not rely on either Rule 614(a) or § 1915 as authority for his request.

Pursuant to Rule 706, the court may "on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed." *Gorton*, 793 F. Supp. 2d at 1177–78 (quoting Fed. R. Evid. 706(a)). The limited case law discussing Rule 706 provides some guidance regarding the circumstances when an *impartial* expert witness may be appointed. *Id*. at 1178–81 (collecting and discussing cases). Rule 706 only allows a court to appoint a *neutral* expert because the principal purpose of a court-appointed expert witness is to assist the factfinder as a neutral resource, not to serve as an advocate for either party. *Gorton*, 793 F. Supp. 2d at 1185 (citing *In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 665 (7th Cir. 2002)); *see also Students of Cal. Sch. for the Blind v. Honig*, 736 F.2d 538, 549 (9th Cir. 1984), *vacated on other grounds by* 471 U.S. 148 (1985). Here, Mr. King's motion indicates that he would like the proposed expert witness to advocate on his behalf by, among other things, rebutting any testimony provided by the state's expert. Rule 706 does not permit this type of advocacy by an expert. Therefore, Court will only consider Mr. King's request in the context of an impartial expert witness.

---

[1] After granting permission for a party to proceed *in forma pauperis*, the court may direct payment by the United States for three specific expenses:

> (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title.

28 U.S.C. § 1915(c).

The most important question a court must consider is whether the testimony of a neutral expert witness will promote accurate factfinding. *Id*. at 1179 (citing Charles Alan Wright et al., 29 *Federal Practice & Procedure* § 6304 (3d ed. Supp. 2011) ("The policy goal of Rule 706 is to promote accurate factfinding.")).  An expert witnesses should not be appointed unless expert testimony is "necessary or significantly useful for the trier of fact to comprehend a material issue in a case." *Id*. at 1181.  To show such necessity, "there also must be some evidence, admissible or otherwise, that demonstrates a serious dispute that could be resolved or understood through expert testimony." *Id*.  The court may deny a request for appointment of a neutral expert as unnecessary when the request is made at a point in litigation when the court is evaluating evidence as the factfinder, instead of a jury. *Id.* at 1184–85.  The most common examples of when the court functions as the factfinder include motions for preliminary injunctions, motions for summary judgment, and a bench trial before a judge instead of a jury. *Id*. (noting that a court cannot conclude that issues are so complex as to require an expert's testimony to assist a jury until it has had the opportunity to review the arguments and evidence submitted by the parties on summary judgment).

Mr. King has not shown expert testimony is necessary or significantly useful to the trier of fact to comprehend a material issue in the case.  Defendants' second summary judgment motion is now pending. *See* Mot. for Summary Judgment (Dkt. #94).  If Chief District Judge Navarro grants Defendants' motion, the case will be dismissed and there will be no need to appoint an expert.  If the motion is denied, or granted in part and denied in part, the order will identify what genuine issues of material fact remain for trial.  Mr. King's motion will therefore be denied without prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Court Appointed Expert Witness (Dkt. #67) is DENIED WITHOUT PREJUDICE.

Dated this 24th day of November, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE