UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATTHEW J. KING,<br><br>                    Plaintiff,<br>v.<br>AMY CALDERWOOD, et al.,<br><br>                    Defendants. | Case No. 2:13-cv-02080-GMN-PAL<br><br>**ORDER**<br><br>(Mot. Compel Discovery – Dkt. #87)<br>(Mot. Extend Copywork Limit – Dkt. #98) |

This matter is before the court on Plaintiff Matthew J. King's; Motion to Compel Discovery (Dkt. #87); and Second Motion to Extend Prison Copywork Limit (Dkt. #98). This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR 1-3 and 1-9 of the Local Rules of Practice.

I.   **BACKGROUND**

Mr. King is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), and he proceeding in this civil rights action *pro se* and *in forma pauperis*. This case arises from Mr. King's allegations, pursuant to 28 U.S.C. § 1983, that Defendants violated his Eighth Amendment rights by denying him access to substance abuse treatment for over two years, which caused his Hepatitis-C to go untreated and has allowed the progressive effects of the disease to manifest. *See* Complaint (Dkt. #7).

On September 24, 2013, Mr. King filed his complaint in the Eighth Judicial District Court of Nevada. Defendants subsequently removed the case to this Court. *See* Petition for Removal (Dkt. #1). Upon screening Mr. King's Complaint, the Court determined that it stated viable claims for deliberate indifference to serious medical need in violation of the Eighth Amendment. *See* Screening Order (Dkt. #6).

/ / /

1

Defendants James G. Cox, Roland Daniels, Duane Graham, Cary Leavitt, Jennifer Nash, Chad Smith, and James Larry Wuest filed a Motion for Summary Judgment (Dkt. #29), December 14, 2014. On April 28, 2015, Chief District Judge Gloria M. Navarro entered an Order (Dkt. #58) granting in part and denying in part Defendants' motion. As a result, only Mr. King's claims against Defendants James G. Cox and Quentin Byrne remain. *See* Answer to Compl. (Dkt. #65). Both Cox and Byrne are administrators with the NDOC.

On February 5, 2015, the Court entered a Scheduling Order (Dkt. #42). Plaintiff later filed a Motion for Enlargement of Time (Dkt. #48) to conduct discovery, which Defendants did not oppose. *See* Defs.' Response (Dkt. #51). The Court granted Mr. King's motion and extended the deadlines in the Scheduling Order by 45 days. *See* Order (Dkt. #77) (concluding that "(a) Discovery in this action shall be completed on or before July 6, 2015; (b) Motions for summary judgment shall be filed and served no later than August 5, 2015; and (c) the Parties shall file a Joint Pretrial Order on or before September 4, 2015"). On August 4, 2015, the parties filed a stipulation to extend the deadline to file dispositive motions by 30 days, *see* Stipulation (Dkt. #88), which the Court granted, *see* Order (Dkt. #89). The parties did not file any other requests for extensions of time to conduct discovery, therefore, discovery closed on July 6, 2015.

On September 4, 2015, Defendants Cox and Byrne filed a second Motion for Summary Judgment (Dkt. #94). Defendants Cox and Byrne also filed a Motion to Extend Time (Dkt. #95) to supplement the summary judgment motion with affidavits from Romeo Aranas, M.D., NDOC's Medical Director, and Nowell Granados, certified nurse and the head of the Chronic Disease Clinic at Southern Desert Correctional Center. On September 8, 2015, Defendants filed their Supplement (Dkt. #96). Mr. King requested additional time to respond to this motion, *see* (Dkt. #102), and the Court extended his response deadline until November 27, 2015.

II.  **LEGAL ANALYSIS OF MR. KING'S MOTIONS**

    A.  **Motion to Compel Discovery (Dkt. #87)**

This Motion, filed August 3, 2015, asks the Court to compel Defendants to respond to the written discovery requests he mailed to Defendants in April and June 2015. *See* Motion (Dkt. #87). Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a motion to compel discovery

materials may only be filed when a timely discovery request has been served, the opposing party has not responded or has inadequately responded, and the moving party has attempted in good faith to resolve any dispute about the adequacy of the discovery responses without the Court's intervention.  *See* Fed. R. Civ. P. 37(a); LR 26-7.

Mr. King submitted his initial discovery requests to Defendants on or about April 29th; however, Defendants did not respond.  Motion (Dkt. #87) at 2–3.  Thus, Mr. King resent his discovery requests to Defendants on or about June 5th, and included a supplemental request.  *Id*., Exhibit A (Mr. King's letter to Defendants' counsel, initial discovery requests, and first supplemental request for interrogatories and production of documents).[1]  Discovery in this matter closed on July 6th without Mr. King receiving a response to any of his written discovery requests.

Defendants' Opposition (Dkt. #92), filed August 20th, asserts that the Court should deny the motion because Mr. King failed to meet and confer with counsel prior to filing the motion.  *Id*. at 2.  In addition, the Opposition states that Defendants' prior counsel responded to Mr. King's initial discovery requests.  However, the Opposition does not provide a certificate of service or a copy of the discovery responses.  *Id*.  Defendants purportedly responded to his supplemental requests on July 7th.  *Id*.  Defendants further assert that counsel "has been engaging in regular telephonic conferences with Plaintiff and will respond to any concerns he has regarding the provided discovery responses."  *Id*.

---

[1] The Court notes that Defendants received Mr. King's initial discovery requests when he filed the same on the docket.  On May 2nd, Mr. King erroneously filed a Motion for Discovery (Dkt. #60) on the court docket along with "motions" for Interrogatories (Dkt. #61) and Requests for Admission (Dkt. #62). According to the standard practice for the CM/ECF electronic filing system, Defendants' counsel would have received an immediate notice of electronic filing for Mr. King's discovery motions.  However, Mr. King's June 5th Letter to Defendants' counsel shows that counsel denied receiving the initial discovery requests, forcing him to resend the requests and wasting valuable time.  Mr. King's initial discovery requests attached to the June 5th Letter are the same requests contained in his discovery motion. *Compare* Motion for Discovery (Dkt. #60) *with* Motion to Compel (Dkt. #87) at 8–10.  Counsel was undeniably in receipt of these discovery requests because Defendants filed three Motions to Strike (Dkt. #69–#71) Mr. King's discovery motions pursuant to LR 26-8.  The Court granted Defendants' motions and directed the discovery filings be stricken.  *See* Order (Dkt. #77) at 2–3.  The Court's order did not relieve Defendants of their obligation under the Federal Rules of Civil Procedure to serve responses to Mr. King, and their denial of receiving the requests rings hollow.

3

In his Reply (Dkt. #106), filed October 15th, Mr. King reiterates that he properly and timely requested discovery on two separate occasions but received no responses despite numerous communications with Defendants' counsel.[2] Mr. King states that he participated in a telephonic conference with Deputy Attorney General Caroline Bateman on August 4th. *Id*. at 3. During the teleconference, Mr. King informed Ms. Bateman that he filed the instant motion to compel. According to Mr. King, Ms. Bateman acknowledged, " 'you are entitled to discovery'." *Id*. Given her statement, Mr. King believed that "the requested discovery would be provided." *Id*. The conversation then turned to Mr. King's potential transfer to the Northern Nevada Correctional Center for treatment. *Id*. During this teleconference, Mr. King gave counsel permission to use his electronic signature on the parties' Stipulation for Extension of Time to File Dispositive Motions (Dkt. #88), which stated that he "may be admitted to the treatment program that he seeks through his Complaint, thus obviating the need for dispositive motions." *Id*. at 3. *See also* King's Motion to Extend Time to Respond (Dkt. #102).

Thereafter, the parties corresponded several more times. On August 13th, Mr. King received a letter from counsel "reiterating the possibility for 'transfer and Hepatitis-C treatment'," but no discovery was provided. *Id*. On August 17th, the parties held another teleconference and continued their discussions regarding a possible transfer, treatment, and settlement. *Id*. Counsel echoed these possibilities in an August 26th letter to Mr. King. Based on these developments, Mr. King thought "future discovery would not be necessary." *Id*. This belief is presumably why Mr. King did not file a reply brief by the August 30th deadline. *See* footnote 2. Defendants filed their second Motion for Summary Judgment (Dkt. #94) on September 4th. As a result, Mr. King sent Ms. Bateman a letter requesting to meet and confer regarding the outstanding discovery. Reply (Dkt. #106) at 4. According to King, the letter was not answered. *Id*.

---

[2] Mr. King's reply brief was not timely filed. The docket indicates that any reply Mr. King wished to file would have been due August 30th. *See* (Dkt. #92). However, the reply deadline expired before Defendants filed their Motion for Summary Judgment (Dkt. #94) on September 4th, and that filing changed the procedural posture of this case. Defendants have not objected to the untimely brief. For these reasons, the Court will consider Mr. King's Reply.

4

1    The Reply further explains that the discovery Mr. King has requested directly relates to Defendants' assertions in the summary judgment motion. *Id*. For example, the summary judgment motion addresses Mr. King's theory of supervisory liability. (Dkt. #94) at 10. Mr. King asserts that his Discovery Requests 2, 3, 10, 11, 15, 16, 17, 20, 21, 24, 25, 26, 27, and 30 directly relate to the theory of supervisory liability. Reply (Dkt. #106) at 6; *see also* Motion (Dkt. #87) at 14–19. Request 16(h) requests, "the NDOC policy, mandate or directive that outlines qualifying and disqualifying factors to participate in Hep-C treatment," *id*., while the summary judgment motion (Dkt. #94) states, "[t]here is no NDOC regulation or policy regarding what treatment should be provided to inmates afflicted with Hepatitis-C." *Id*. at 11 (citing Exhibit F, Decl. of Romeo Aranas, M.D. (Dkt. #96-1)). Mr. King has since requested additional time to respond to Defendants' summary judgment motion so that he may obtain outstanding discovery prior to filing a response. *See* Motion to Extend Time (Dkt. #102).[3]

    As an initial matter, the Court finds that Mr. King sufficiently conferred with Defendants' counsel prior to filing his motion to compel. Parties with discovery disputes are generally required to conduct personal, two-way communication to attempt to resolve their disputes without court intervention. *See* Fed. R. Civ. P. 37(a)(1); LR 26-7(b); *Cardoza v. Bloomin' Brands*, *Inc.*, -- F.3d ---, 2015 WL 6123192 at *6 (D. Nev. Oct. 16, 2015) (citing *ShuffleMaster, Inc. v. Progressive Games*, *Inc*., 170 F.R.D. 166, 171 (D. Nev. 1996)). However, the court may look beyond a written certification "to determine whether a sufficient meet-and-confer actually took place." *Cardoza*,   -- F.3d ---, 2015 WL 6123192 at *6. Mr. King did the best he could by communicating by telephone and letter with the assigned attorney who promised to provide responses to his requests. Although the format of the meet-and-confer process changes, the substantive requirement remains the same—the parties must engage in a good faith effort to meet and confer to resolve the dispute before seeking court intervention.

    Here, the moving papers and the record show that Mr. King has done the best he can to meet and confer with Defendants' counsel given the limitations of his incarceration. As noted

---

[3] The Court extended his response deadline until November 27th. *See* Min. Order (Dkt. #104).

above, the initial discovery requests were filed on the court docket on May 2, 2015, and counsel received electronic notification and access to the filing. *See* footnote 1.  Thereafter, the parties exchanged written correspondence.  Mr. King's June 2015 letter to Ms. Bateman indicates that his initial requests went unanswered.  The duplicate request and the supplemental request also appear to have gone unanswered, which prompted the motion.  Mr. King and Ms. Bateman then spoke telephonically in August 2015 and Mr. King was assured that his requests would be answered, but apparently they were still unanswered as of October 15th when he submitted his Reply.  If, as new counsel for Defendants now claim, responses were served it would be a simple matter to attach the responses, or at a minimum, the certificate of service showing the responses were served.  This was not done.

The obligation to resolve discovery disputes without court intervention applies to both parties, not just the moving party.  Each party is required to make every effort to reach a satisfactory resolution.  *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993).  Here, Mr. King is not claiming that Defendants' responses were insufficient or evasive; rather, Mr. King states that Defendants failed to respond at all.  If Defendants had responded to the discovery requests as they claim, Defendants' counsel could have easily resolved the motion in the last two months by resending Mr. King the discovery responses.  As a result, the Court will grant the motion to compel.

More concerning is the implication drawn from Mr. King's motion that Defendants have utilized information, documents, and testimony in the summary judgment motion that have not been properly disclosed to Mr. King as required by Rule 26(a)(1).  A party who fails to make the required initial disclosures "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial," except where the failure to comply was "substantially justified" or "harmless."  Fed. R. Civ. P. 37(c)(1); *Hoffman v. Constr. Protective Serv., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008).  The exclusion sanction in Rule 37 is automatic and self-executing.  Here, the parties' moving and responsive papers do not indicate whether the documents Defendants attached as exhibits to their summary judgment motion were disclosed in their initial disclosures or in discovery responses.

6

1  On balance, it appears that Defendants have not complied with their discovery
2  obligations. The Court therefore grants the Motion to Compel (Dkt. #87). Defendants shall
3  respond to Mr. King's discovery requests attached to the motion within two weeks, or by
4  **December 8, 2015**.

5  **B.  Second Motion to Extend Prison Copywork Limit (Dkt. #98)**

6  In this motion, Mr. King seeks an order extending his copy limit an additional $25.00.
7  The Court has considered the Motion (Dkt. #98), Defendants' Opposition (Dkt. #101), Mr.
8  King's Supplement (Dkt. #105) and Reply (Dkt. #108).

9  Generally, an inmate has no constitutional right to free photocopying or to obtain court
10 documents without payment. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). The Local
11 Rules of Practice for this district state that permission to proceed "*in forma pauperis* does not
12 waive the applicant's responsibility to pay expenses of litigation which are not covered by 28
13 U.S.C. § 1915." LSR 1-8; *see also Lewis v. Casey*, 518 U.S. 343, 384–85 (1996) (the
14 constitutional right of access to the courts does not impose an "obligation on the States to finance
15 and support prisoner litigation"). Pursuant to NDOC administrative regulation 722.01(7)(D),
16 inmates "can only accrue a maximum of $100 debt for copy work expenses for all cases, not per
17 case." The Ninth Circuit has determined that giving an inmate access to copies required to file,
18 serve opponents, and maintain a copy of the inmate's records, is reasonable. *Gluth v. Kangas*,
19 951 F.2d 1504, 1510 (9th Cir. 1991). In this district, courts have ordered modest increases an
20 inmate's photocopying limit when it is necessary for an inmate to provide copies to the court and
21 other parties. *See, e.g.*, Order (Dkt. #75) (granting motion for reconsideration of request to
22 extend copy limit). Such orders do not provide inmates with *free* copies. Rather, the inmate
23 remains responsible for repaying all the copywork fees he incurs.

24 Here, Mr. King has shown good cause to increase his copy work limit by a small amount
25 to continue litigating his case. Mr. King's briefing states specific reasons that he needs
26 additional copy work, which include filing a response to Defendants' lengthy summary judgment
27 motion among other filings. Reply (Dkt. #108). The Court finds Mr. King's request is
28 reasonable based on the circumstances presented and the procedural posture of this case, in

particular, because Mr. King will soon be filing his opposition to Defendants' summary judgment motion. The Court will extend Mr. King's copy work limit by twenty-five dollars ($25.00) to meet his current needs. The Court therefore grants the motion.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion to Compel Discovery (Dkt. #87) is GRANTED. Defendants shall respond to Mr. King's discovery requests attached to the motion within two weeks, or by **December 8, 2015**.

2. Plaintiff's Second Motion to Extend Prison Copywork Limit (Dkt. #98) is GRANTED. Plaintiff's copy work limit shall be increased and additional $25.00.

Dated this 24th day of November, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE